(ORIGINAL) (COPY)

PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE _EASTERN_ DISTRICT OF TEXAS
_BEAUMONT_ DIVISION

**MAY 2 8 2021**

BY
DEPUTY_____

EDWING AHMED ALVAREZ, TDCJ#02133477
Plaintiff's Name and ID Number

M. STILES UNIT
Place of Confinement

CASE NO. 1:21cv258
(Clerk will assign the number)

v.

DIRECTOR, TDCJ - CID, 1225 Ave. 6, Huntsville, Tx. 77340
Defendant's Name and Address

_____
Defendant's Name and Address

_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

---

### INSTRUCTIONS - READ CAREFULLY

NOTICE:

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.  Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

Rev. 05/15

Orig./Copy

## FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of $400.00.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

## CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

   A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES ✓NO

   B.  If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

   1.  Approximate date of filing lawsuit:_____

   2.  Parties to previous lawsuit:
       Plaintiff(s)_____
       Defendant(s)_____

   3.  Court: (If federal, name the district; if state, name the county.)_____

   4.  Cause number:_____

   5.  Name of judge to whom case was assigned:_____

   6.  Disposition: (Was the case dismissed, appealed, still pending?)_____

   7.  Approximate date of disposition:_____

Rev. 05/15

*Orig/ Copy*

II.   PLACE OF PRESENT CONFINEMENT: *Mark W. Stiles Unit*

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   ✓ YES   ~~NO~~

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

A.   Name and address of plaintiff: **EDWING AHMED ALVAREZ**
   **3060 FM 3514**
   **BEAUMONT, TX. 77705**

B.   Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: **BRYAN COLLIER, DIRECTOR-TDCJ-CID, TWO FINANCIAL PLAZA, Ste. 300, HUNSTVILLE, TX. 77340**
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
**CHARGED WITH A CASE WITH NO EVIDENCE. HAD NO PICTURES, TOXICOLOGY.**

Defendant #2: **RUSTY THURMAN, COIV, TDCJ-CID REGION I, 1225 Ave. G, HUNSTVILLE, TX. 77340**
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
**FALSIFYING STATE DOCUMENTS. PRESUME I HAD CONTRABAND, BUT NOT PRODUCE**

Defendant #3: **M. MONGOMERY, DANIEL, CAPT., TDCJ-CID REGION I, 1225 AVE. G, HUNSTVILLE, TX. 77340**
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
**CHARGED CASE UNDER THE ASSUMPTION THAT IT WAS NARCOTIC.**

Defendant #4: **ANTHONY D ROSS, SGT., TDCJ-CID REGION I, 1225 Ave. G, HUNSTVILLE, TX. 77340**
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
**ON INVESTIGATION HE TESTIFY BUT ON RECORDS EVERYBODY CONTRADICT**

Defendant #5: **JESSICA ELDER, CO-SAFE PRISON CORRECTION, TDCJ-CID REGION I, 1225 Ave. G, HUNSTVILLE, TX. 77340**
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
**STRIP SEARCH NO CONTRABAND OR RESIDUE WAS FOUND. HARMED ON CASE.**

Rev. 05/15

3

*Orig/Copy*

V.   STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

THEY CHARGED WITH A MAJOR CASE WITH NO EVIDENCE (FALSIFYING STATE DOCUMENTS) THEY DID NOT HAD THE CONTRABAND. THEY HAD NO PICTURES OF THE CONTRABAND. THEY COULD NOT IDENTIFY CONTRABAND. NO TOXICOLOGY ON SET CONTRABAND BUT CHARGED UNDER THE ASSUMTION WAS NARCOTIC. OFFICER PRESUME I HAD CONTRABAND. HE DESCRIBE CONTRABAND, BUT COULD NOT PRODUCE. OFFICER WAS INEFICITION ON HIS DUTY AS HE LOST CHANE OF COMMAND OF SUCH CONTRABAND. I WAS STRIP SEARCH AND IN PROCESS NO CONTRABAND OR RESIDUE WAS FOUND. CORRECTIONAL OFFICERS INVOLVED: CO THURMAN, RUSTY, Sgt. ROSS, ANTHONY D, STATE PRISON - JESSICA ELDER. SEE: Exhibit A-E
• Denial of access to courts, denial of equal protection of the law, gender discrimination & retaliation.

VI.   RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

REQUESTING THAT THE ILLEGAL MAJOR DISCIPLINARY CASE BE EXPUNGE FROM MY RECORDS AS IT WAS ILLEGAL, THIS CASE WAS BASE ON PRESSUMPTION. NOT FACT.

VII.   GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Alvarez, Ahmed Edwing

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

TDCJ #01723408 , TDCJ #02133477

VIII.   SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ____YES  ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): _____
2. Case number: _____
3. Approximate date sanctions were imposed: _____
4. Have the sanctions been lifted or otherwise satisfied? ____YES ____NO



Rev. 05/15

4

Orig / Copy

C. Has any court ever warned or notified you that sanctions could be imposed?     _____ YES  _____ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued.
(If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): _____

2. Case number: _____

3. Approximate date warning was issued: _____

N/A

Executed on: _____
                    DATE

_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _____ day of _____, 20 _____.
                    (Day)                              (month)                        (year)

_____
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

5

# EXHIBIT A-1,2,3,#4.

## (Original) ADMINISTRATIVE REMEDIES.

EXHIBIT A-1

Outside purchases take up to several weeks to receive for processing. Processed daily; funds removed when processed.

**SUBJECT:** *State briefly the problem on which you desire assistance.*

I had made a Money Withdrawal for 5.calls to the Court of Beaumont = Fee, My Question is, " Was the transaction Approved and Send.?

Thank you, For the Information of my Inmate Trust fund.

Name: Edwing Ahmed Alvarez    No: 02133477    Unit: Stile ST 049

Living Quarters: 3B 40 T 3B2-40P    Work Assignment:

**DISPOSITION:** (Inmate will not write in this space)

SEE ATTACHED

☆I-60 (Rev. 11-90)

EXHIBIT A-2

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**
**INMATE TRUST FUND**

**INMATE REQUEST FOR WITHDRAWL**

DATE 0 1 0 5 2 1

☐ Transfer within TF

☐ Outside Purchase

☐ Other_____

PLEASE USE A BUSINESS SIZE ENVELOPE

**DO NOT FOLD, STAPLE OR TAPE**

**Use Black or Dark Blue Ink.**

Unit
S T

Inmate Signature

Unit Review

Print CAPITAL letters and numbers block style inside square without touching sides.

(1)   TDCJ  NUMBER        (6)

0  2  1  3  3  4  7  7

(7)                    INMATE LAST NAME

A  L  V  A  R  E  Z

(38) |------DOLLARS------|   |--CENTS--| (45)

8  0

(81) PAY TO THE ORDER OF:

S T I L E S   C L E A R I N G   F u n d

3060   F M  3514   Beaumont, TX  77705

PAYEE'S ADDRESS:        STREET      APT. NO.   CITY       STATE      ZIP

1-0025 (REV 1/12)

**INSUFFICIENT FUNDS**

8 9   A  B  C  D

(19)      (20)

E D W I N G

WRITTEN AMOUNT

eighty-cents

**ADMINISTRATIVE APPROVED**

A

Right Thumb Print

3B-5T

3

*Exhibit A-3*

```
         TDCJ – INSTITUTIONAL DIVISION
              OFFICIAL LAYIN PASS
                 ADMINISTRATIVE

      EFFECTIVE DATE: 04/16/2021
      FROM-TO TIME: 10:00-10:15  _____
      START DATE: 04/16/2021 END DATE: 04/16/2021

   ADMIT: 02133477 ALVAREZ,EDWING AHMED
      REASON: WITHDRAWALS       HOUSE: 3B33-72T

      JOB: KITCHEN HELPER 1ST          06:00-14:00
      EDUC:


      COUNTROOM: CNTRM

      TITLE: CNTRM
```

**SUBJECT:**  *State briefly the problem on which you desire assistance.*

I Request Access to know on what Day I
requested my Grievance Petition and money with-
draw of copies of such Grievances?

Thank you

Name: Edwing Ahmed Alvarez   No: 02133477   Unit: Stiles
Living Quarters: 3B33 -72T   Work Assignment: Kitchen

**DISPOSITION:** (Inmate will not write in this space)

I-60 to the U.S. Dist Court
was submitted on 9/15/2020.

T. Jo

☆I-60 (Rev. 11-90)

EXHIBIT A-4

Stiles

## Texas Department of Criminal Justice
### Inter-Office Communications
#### *Commissary & Trust Fund*

Date: 5.13. 2021

From:  Inmate Trust Fund

RE:   Insufficient Funds

The enclosed I-25 is being returned to the inmate because of **Insufficient Funds.**

The inmate did not have enough funds to cover this outside purchase. Please return the I-25 and envelope to the inmate. If the inmate wants to process this outside purchase, he/she will have to submit a new request when the funds become available.

Thank you,

Inmate Trust Fund Staff

# EXHIBIT B-1, 2, & 3.

## UNITED STATES DISTRICT COURT.

hrbrt B-1

Edwing Ahmed Alvarez 02133477
STILES UNIT
3060 FM 3514
Beaumont, TX 77705

_____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| EDWING AHMED ALVAREZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-90 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Edwing Ahmed Alvarez, an inmate currently confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis,* brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Background

Petitioner contests the validity of a prison disciplinary case number 20200121195 wherein he was charged with possession of contraband. Petitioner was found guilty of the disciplinary violation on February 4, 2020 and received the following punishment: (1) 45 days commissary restriction (2) 45 days recreation restriction, (3) restricted visitation through March 3, 2020, (3) cell 45 days of cell restriction, and (4) loss of access to the offender telephone system for 30 days. In addition, petitioner's line class was reduced from S3 to L1. Petitioner did not lose any previously earned good conduct time. Petitioner asserts there was insufficient evidence to sustain the

1

disciplinary charge.

Respondent was ordered to Show Cause on May 11, 2020 (docket entry no. 5).  Respondent argues petitioner failed to exhaust his administrative remedies, he is not eligible for mandatory supervision and did not lose any good conduct time and there was sufficient evidence to convict petitioner of the disciplinary conviction.  Response (docket entry no. 14).  Petitioner filed a Reply on September 14, 2020 (docket entry no. 19).

Discussion

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impose upon a liberty interest.  State-created liberty interests protected by the Due Process Clause are generally limited to freedom from restraint imposing an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  *Sandin v. Conner*, 515 U.S. 472 (1995).

In *Sandin*, the Court adopted a new and different methodology for determining whether a state has created a protected liberty interest to benefit prison inmates.  *Id*. at 2297-2300.  Rather than focusing on the presence or absence of mandatory statutory or regulatory language, [*See*, e.g., *Hewitt v. Helms*, 459 U.S. 460 (1983)] the Supreme Court determined that the reviewing court should consider the nature of the challenged state action and whether it involved such a significant departure from normal prison conditions that the state might have conceivably created a liberty interest.  *Id*. at 2299.

Protected "interests are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner."  *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).  In Texas, prisoners eligible for release on mandatory supervised

2

release, may have a protected liberty interest in previously-earned good conduct time. *See Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002); *Malchi v. Thaler*, 211 F.3d 953, 956-58 (5th Cir. 2000).[1]   However, being placed in solitary confinement for a limited amount of time, losing commissary and recreation privileges, being demoted to a more rigorous custody classification, being required to remain in the same time-earning class and being demoted to a classification at which fewer good conduct time credits are earned are not sanctions which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 115 S.Ct at 2299; *see also Madison*, 104 F.3d at 768 (concluding that imposing thirty days of commissary and cell restrictions as punishment constitutes mere changes in the conditions of a prisoners confinement and do not implicate due process concerns); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (release on mandatory supervision is too speculative to give an inmate a liberty interest in not being demoted to or forced to remain at a classification at which fewer days of good conduct time credits are earned); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("the mere opportunity to earn good-time credits [does not] constitute a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause.", *cert. denied, Luken v.*

---

[1]In Texas, prisoners who are eligible for release on mandatory supervision must be released when certain criteria are satisfied.  For example, prisoners who are eligible for release on mandatory supervision are entitled to be released when the time they have served plus the good conduct time credits they have accrued equal their sentence.  When the requirements for release on mandatory supervision have been met, officials have no discretion as to whether or not to release a prisoner.  However, not all Texas prisoners are eligible for release on mandatory supervision.  Inmates convicted of certain crimes are not eligible for such release.

In *Madison v. Parker*, 104 F.3d 765 (5th Cir. 1997), the United States Court of Appeals for the Fifth Circuit explained the distinction between release on parole and release on mandatory supervision in the Texas system.  The court stated that release on parole is a discretionary and conditional release of a prisoner so that the prisoner serves the remainder of his sentence under the supervision of the division of pardons and paroles.  In contrast, a prisoner released on mandatory supervision serves the remainder of his sentence not on parole, but still under the supervision of the pardons and paroles division.  The court, citing *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995), and *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991), stated release on parole was entirely speculative and that there was no constitutional expectancy to release on parole.

3

*Johnson*, 517 U.S. 1196 (1996); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.) ("An inmate has

neither a protectible property nor liberty interest in his custody classification. . ."), *cert. denied*, 488

U.S. 985 (1988).

The due process that an inmate must receive in a disciplinary hearing is (1) written notice

of the charges against him at least twenty-four hours before the hearing, (2) a written statement of

the fact-finders as to the evidence relied on and the reasons for the disciplinary action taken, and (3)

the opportunity to call witnesses and present documentary evidence in his defense, unless these

procedures would create a security risk in the particular case. *Henson v. U.S. Bureau of Prisons*, 213

F.3d 897, 898 (5th Cir. 2000); *Walker v. Navarro County Jail*, 4 F.3d 410, 412 (5th Cir. 1993); *Wolf

v. McDonnell*, 418 U.S. 539, 563-66  (1974).

Here, petitioner was convicted of burglary, a first-degree felony pursuant to section 30.02

of the Texas Penal Code and is not eligible for mandatory supervision.  Petitioner did not lose any

previously earned good time credit.  Thus, the punishment  imposed on petitioner as a result of his

disciplinary conviction does not implicate a protected liberty interest.  Accordingly, petitioner was

not entitled to due process before receiving such punishment.

To the extent petitioner asserts claims for the denial of access to courts, denial of equal

protection of the law, gender discrimination and retaliation, petitioner is free to file a separate civil

rights action pursuant to 42 U.S.C. § 1983 as those claims relate to the conditions of his

confinement. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (if a favorable determination

would not accelerate a prisoner's ultimate release from confinement, the prisoner should bring his

claims in a § 1983 suit).  A separate $350.00 filing fee applies to actions filed pursuant to 42 U.S.C.

§ 1983.

4

### Recommendation

The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 should be denied.

### Objections

Within fourteen (14) days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the Magistrate Judge.  28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 22nd day of September, 2020.**


KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

Exhibit B-2

**\*\* NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| EDWING AHMED ALVAREZ | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-90 |
| DIRECTOR, TDCJ-CID | § | |

ORDER ACCEPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Edwing Ahmed Alvarez, an inmate confined at the Stiles Unit of the Texas

Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma*

*pauperis*, brings this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge,

at Lufkin, Texas, for consideration pursuant to applicable laws and orders of this court. The

Magistrate Judge recommends this petition for writ of habeas corpus be denied (docket entry no. 21).

The court has received and considered the Report and Recommendation of United States

Magistrate Judge filed pursuant to such order, along with the record, and pleadings. No objections

to the Report and Recommendation of United States Magistrate Judge have been filed to dates.[1]

ORDER

The findings of fact and conclusions of law of the Magistrate Judge are correct, and the

report of the Magistrate Judge is **ACCEPTED**. A Final Judgment will be entered in this case in

accordance with the Magistrate Judge's recommendations.

Furthermore, the court is of the opinion petitioner is not entitled to a certificate of

appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed

---

[1]Petitioner received a copy of the Report and Recommendation on September 28, 2020 (docket entry no. 22).
Petitioner sought an extension to file Objections which was granted on October 20, 2020 (docket entry no. 25).
Petitioner only filed a Notice on November 25, 2020, requesting the Court assist him in a FOIA request (docket entry
no. 27). This Court has no authority to in this § habeas petition to order officials at TDCJ to rush petitioner's FOIA
request. The Court admonishes petitioner that it is not necessary to have evidence in order to file a civil rights action.

unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. A certificate of appealability will not be issued.

So ORDERED and SIGNED, Jan 13, 2021.

Ron Clark
Senior Judge

2

Exhibit B-3

| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| EDWING AHMED ALVAREZ, | § |
| | § |
| Petitioner, | § |
| | § |
| *versus* | § CIVIL ACTION NO. 1:20-CV-357 |
| | § |
| DIRECTOR, TDCJ-CID, | § |
| | § |
| Respondent. | § |

## MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Edwing Ahmed Alvarez, an inmate at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that petitioner's motion to proceed *in forma pauperis* be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. No objections to the Report and Recommendation of United States Magistrate Judge were filed by the parties.

### O R D E R

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. It is therefore

**ORDERED** that petitioner's motion to proceed *in forma pauperis* is **DENIED**. Petitioner shall pay the filing fee of $5.00 within thirty (30) days from the date of this order.

**Signed this date**

Oct 27, 2020

*Marcia A. Crone*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

# EXHIBIT C-1,2,3,4, & 5.

GRIEVANCE FORM(S) & Jan.27,2020 HEALTH TREATMENT

EXHIBIT E-1

# Texas Department of Criminal Justice

## STEP 1    OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2020043406 |
| Date Received: | FEB 0 6 2020 |
| Date Due: | 3-17-2020 |
| Grievance Code: | 702 815 |
| Investigator ID #: | I1016 |
| Extension Date: | 4.26.20 |
| Date Ret'd to Offender: | MAR 1 7 2020 |

Offender Name: Edwing Ahmed Alvarez    TDCJ # 02133477

Unit: Gulf    Housing Assignment: HSF/26B

Unit where incident occurred: GP Lewis

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Sgt. Ross, GI Sgt. Ramirez ect, Lt Bankee, EC admin, Warden Lowe 1/3/20   When? Jan - 27, 2020

What was their response? Just wait for the process.

What action was taken? PHD me and restricted me from prop, meds KOP and legal.

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Since last year, officer Lt. Bankee had strip search me because somebody (an inmate had wrote false statements) and Lt. Bankee by Policy had to se strip search me, witch I had no problem doing every strip search that they made on me. I know is part of policy but I'm not the only inmate in the ECGL Unit or GPGL side Unit.    I take classes in GPGL side almost everyday and now I'm part of the ministry Team from the Chaplancy Department. That means I'm almost at GPGL side everyday. The majority of the classes are ITP Courses for Parole. This year is my Parole Review which I had give my all to learn from my Past mistakes. Now I'm G253 and my next promotion is the Day/Month of my Hearing on Parole. Now a lot of Officers had told me, even Rank that They were strip searching me constantly (even cavort search) because someone said They were using me as a mule. Well I've been in Prison Before with a different number and in prison they would use anyone as a mule. I Think they were using my name to distract you all so I can be the target. But I see Parole this year and The support of family is there and they need me out Home with them. I really have money on my Books, I really have commissary I'm doing my Best to stay out of trouble. Probably and is a fact that Before they strip search me someone threw it on the floor to get it off It many people are taken to Ad Seg/GP but,

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    FEB 06 2020

Offender Ea... 420 YO 0030-R ... Document ... 05/04/20 Page 24 of 35 ... telephone chip on my telephone before they strip search me same. On 1/27/20 at 3800-3820 pm they strip search me at 20 Seg GP Line Bldg and dew nothing was found. Camaras can testify. 2 Female (O Police strip search me my top sect with Sgt. Ross present and then Sgt. Ross continue I was chan- ging with Box on when Sgt. Ross steps out and brings something that do not Belong on me. Sgt. Ross ask me "how stuff is it?" I tell him "Is not mine" then He (Sgt. Ross) said "Okay we can check finger prints" I said "Okay because is not mine". Sometimes Camaras have audio that can be proof of this. Now they Didn't arrest me because It was not on me, but I've been th- m PhD for no Reason. I see parole This year and Sgt. Ross Got so mad a- side GP Line Bldg. that it eew my Book and note pat and tablet and I didn't go to

**Action Requested to resolve your Complaint:** Stop targeting on me for assaultions, where ... Review Video Documantation from 1/27/2020 from 20 GP Line Bldg. spec- lly 20 Seg Two Camaras By officers Restroom where they search me. No Substance was f... on me (Body).

**Offender Signature:** _____   **Date:** 1/30/20

**Grievance Response:**

Records reflect that you were placed in restrictive housing on 01/27/2020 due to you receiving a disciplinary case. Sgt. Ross states that all offenders are subject to search in accordance with policy. Sgt. Ross further states that you were searched in a secure area out of the view of other offenders. No evidence of any staff misconduct has been noted. No further action is warranted at this time.

J. Larue
Assist Warden

**Signature Authority:** _____   **Date:** 3-17-20

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**   *Resubmit this form when the corrections are made.*

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance # _____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission      UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

2nd Submission      UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3rd Submission      UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

Appendix F

EXHIBIT 9

APR 2 2 2020



**Texas Department of Criminal Justice**

# STEP 2

### OFFENDER GRIEVANCE FORM

Offender Name: Edwing Ahmed Alvarez   TDCJ # 02133477

Unit: Gib Lewis   Housing Assignment: E114B

Unit where incident occurred: Gib Lewis

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2020034406 |
| UGI Recd Date: | MAR 2 0 2020 |
| HQ Recd Date: | MAR 2 7 2020 |
| Date Due: | 4 29 1 |
| Grievance Code: | 815 |
| Investigator ID#: | |
| Extension Date: | |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific).   *I am dissatisfied with the response at Step 1 because...*

I have been adjudged as guilty of possessing a "substance" found in a common area. No "substance" was found on my person or effects. Many offenders & officers contiriously share the area where the "substance" was located. I maintain that I am innocent of the accusations made against me reguarding the "substance". It is a violation of my Due Process rights to adjudge me of being guilty of possessing anything found in a nearby common area without evidence specifically connecting that item to myself. No such evidence exists. To the contrary, just moments earlier Ms. Elder had performed a strip-search on me which refutes said allegations.

All that I am asking for is to have my disciplinary record corrected so that my innocence is reflected therein.

I do not wish to enter into formal litigation to resolve this matter, but will do so if a favorable resolution is not met.

Penalty imposed by the hearing officer was too severe, when No "substance" was found on my person or effects & no such evidence exists.

I-128 Front (Revised 11-2010)          **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**          (OVER)

Appendix G

Offender Signature: _____     Date: 3/19/20

Grievance Response:

Your Step 2 grievance has been investigated by this office.   Your allegations of harassment by the staff named in your complaint could not be sustained.  Staff conduct will continue to be monitored to ensure professionalism and policy compliance.  Based on the evidence available at this time, no further action is warranted.

M. LEWANDOWSKI

Signature Authority: _____     Date: 4/3/20

Returned because:    *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: _____

**OFFICE USE ONLY**

Initial Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

    (check one) ____ Screened    ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

2nd Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

    (check one) ____ Screened    ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

3rd Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

    (check one) ____ Screened    ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

I-128 Back (Revised 11-2010)                                    Appendix G

Exhibit C3

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

<table>
<tr><td colspan="2"><b>OFFICE USE ONLY</b></td></tr>
<tr><td>Grievance #:</td><td>2020112494</td></tr>
<tr><td>Date Received:</td><td>APR 29 2020</td></tr>
<tr><td>Date Due:</td><td>6-8-2020</td></tr>
<tr><td>Grievance Code:</td><td>815</td></tr>
<tr><td>Investigator ID #:</td><td>I1616</td></tr>
<tr><td>Extension Date:</td><td></td></tr>
<tr><td>Date Retd to Offender:</td><td>MAY 29 2020</td></tr>
</table>

Offender Name: ALVAREZ, EDWING AHMED   TDCJ # 02133473

Unit: Grb Lewis   Housing Assignment: E12413

Unit where incident occurred: Grb Lewis

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? CO THURMAN   When? 4/22/2020 at 6:30a

What was their response? Go Home to cell/block

What action was taken? Refuse medical assistance access to the infirmary

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

TDCJ has a safety Policy especially about "stray cats" that roam in this facility these black cats are very sick that I believe they have a disease or/ babies these cats are viciously mean and they need to be reported to the animal Control of the city of woodville because one of them bit me while standing in line while waiting for the fog to clear out. I had a 6:45 am layin for the infirmary (Lab) and Officer Lane Yancey V at top gate Line central seen this along with Officer THURMAN RUSTY IV in whom thought it was a JOKE (seeing blood on finger), but its not when a stray cat that looks like its dying and needs to be put to sleep. It is a TDCJ Policy Violation Procedure of the ED-10.61 TDCJ SAFETY POLICY REVISION 7, 06-21-13 to keep all these sick cats out of this unit premisses. Officer THURMAN sent me home to my building, and DENIED ME ACCESS To THE INFIRMY Knowingly about my serious medical need about this cat that just bit me and violated my Eight amendment Right to see medical attention OFFICER FAILED to respond reasonably to this matter about my safety to see medical attention Right always. SO NOW I miss my layin on time, and I'd ask Mrs. Rackley Susan CO IV, and she seen my hand bleeding and I'd told her what happen, and She Called CO THURMAN LINE CONTROL AND SAID: "I'LL BE FINE". She called medical to see if they could see me and they told her to give me to make another request. That CO THURMAN HAD TO REPORTED. OFFICER THURMAN does not need to be working at line control he's irresponsible to inmates needs or help instead he's just need to be removed to an other post violating inmates to access to medical is some thing not to Joke about seriously. All inmates or me. APR 29 2020

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

Deliberate indifference is a Constitution violation with medical needs and sick cats need to be removed from this unit before someone else get bit. Thankye.

APR 2 9 2020

**Action Requested to resolve your Complaint.** To please removed Mr. Thurman to where the rest of the cats are hiding and that's behind maintence pleaser

Offender Signature: _____   Date: 4/28/2020

**Grievance Response:**

A review of your complaint has been conducted. Officer Thurman was interviewed and states that you did not tell him that you were bitten by a stay cat. Officer Rackley was also interviewed and states that you were told to stop messing with the stray cat, but she contacted medical and was informed that you needed to submit a sick call. You submitted a sick call and evaluated by Medical on 04/29/2020. No further action is warranted at this time.

J. Larue
Assist Warden

Signature Authority: _____   Date: 5/30/20

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**      *Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance #_____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

UGI Printed Name/Signature: _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

<table>
<tr><td colspan="2"><b>OFFICE USE ONLY</b></td></tr>
<tr><td>Initial Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>2nd Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>3rd Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
</table>

Appendix F

Exhibit C-4

## Texas Department of Criminal Justice

# STEP 2

### OFFENDER GRIEVANCE FORM
3B 40T

Offender Name: Edwing Ahmed Alvarez   TDCJ # 02133477

Unit: Gib Lewis   Housing Assignment: I-104B

Unit where incident occurred: Lewis-Line Central.

**OFFICE USE ONLY**

Grievance #: 2020112494

UGI Recd Date: JUN 1 1 2020

HQ Recd Date: JUN 1 9 2020

Date Due: 7-21

Grievance Code: 815

Investigator ID#: ICTLS

Extension Date: 8-30

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

Officer Thurman's interview and statement was a false Testimony on an investigation-PD 22 Violation to Authority.

Officer Rackley Did her Job correctly. Call Line control to verify incident/injury but on interview Officer Thurman contradicts his first statement saying I didn't told Him.

Officer Rackley saw injury-bite and blood so contacted medical and was informed that I needed to submit a sick call. Which I did. So in 04/29/2020 was another evidence of injury. Medical Records can be access.

Officer Thurman Refuse to provide with Medical Report of injury and Report accident for security safety.

He has retaliated on me, on case now on Civil Action in Lufkin Division. Retaliation can be a part of harassment, to provide safety in such injury. Rabies can be fatal if not treated or identifying the stray Cat. This for evaluation of stray Cat.

I-128 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix G

**Offender Signature:**                                        **Date:** 6/9/2020

**Grievance Response:**

Your Step 2 grievance has been investigated. You were appropriately advised at Step 1 level. Please refer to that response. Appropriate action was taken once staff was informed of your injury. Medical followed proper procedures and you were cleared at your visit on 4/29/20. There is no evidence of staff misconduct or policy violation. No further action is warranted.

*H. M. Pederson*

SEP 15 2020

**Signature Authority:** _____   **Date:** _____

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. **Grievable time period has expired.**

☐ 2. **Illegible/Incomprehensible.***

☐ 3. **Originals not submitted.***

☐ 4. **Inappropriate/Excessive attachments.***

☐ 5. **Malicious use of vulgar, indecent, or physically threatening language.**

☐ 6. **Inappropriate.***

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | CGO Initials: _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | CGO Initials: _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | CGO Initials: _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |

I-128 Back (Revised 11-2010)                                        Appendix G

Exhibit C-5

# CORRECTIONAL MANAGED HEALTH CARE
# REFUSAL OF TREATMENT OR SERVICES

I, <u>ALVAREZ, EDWING A</u>, TDCJ-ID Number: <u>2133477</u> decline the following services and treatments at the Texas Department of Criminal Justice:

<u>Medical chain-out</u>

I understand the above documented treatment being refused is for the following condition(s):

<u>E2  XUSG</u>

I understand that potential outcome(s) for refusing the treatment for the above documented condition(s) includes but is not limited to the following:

<u>Delay in eval/care, decline in health, possible death</u>

I do not wish to have this above stated treatment or services. I assume full responsibility for any and all consequences or personal inconvenience that may arise from refusal of services.

I understand that I may still request these or similar services in the future.

/ 2133477

Signature of Offender/TDCJ-ID #                                      1/27/2020
                                                                     Date

Signature of Witness (if offender unable or unwilling to sign)       1/27/2020
                                                                     Date

Reason offender did not sign: _____

I certify that the above named individual is alert and appears to understand the above listed information.

Signature and Title of Health Care Personnel Obtaining Refusal       1/27/2020
                                                                     Date

I certify that the above named patient is alert and has demonstrated comprehension of the

above explained condition, treatment, and potential consequences.

X

#

# EXHIBIT D-1,2

(TEXAS DEPARTMENT OF CRIMINAL JUSTICE)
SAFE PRISONS/PREA OPERATIONS MANUAL &
OFFICE OF THE INSPECTOR GENERAL.

Exhibit D-2



Texas Department of Criminal Justice
**OFFICE OF THE INSPECTOR GENERAL**
P.O. Box 4003, Huntsville, Texas 77342


E 114

**To:** Alvarez, Edwing Ahmed                **Date: March 26, 2020**

**Unit/Department: Lewis Unit**          **Correspondence/Complainant #: 2000003811**

**Subject: Alvarez, Edwing Ahmed**       **TDCJ #: 02133477**

The correspondence forwarded to the Office of the Inspector General has been read and evaluated by OIG staff. Based on the information provided, the relevant issues stated will be addressed in the following manner:

☒ An OIG Investigation will not be conducted.

☐ The allegations presented do not come under the investigative purview of this office.

☐ This correspondence contains issues that should be submitted through the unit grievance procedure.

☐ If you are not satisfied with your Step 1 Grievance response, you should file a Step 2 Grievance to continue the Offender Grievance procedure.

☐ Allegations or complaints relating to minor staff misconduct or unit issues will be forwarded to the Unit Warden.

☐ The TDCJ Use of Force Office automatically reviews all use of force reports. If further investigation is considered appropriate, the UOF will be referred to the OIG.

☐ Allegations of life endangerment will be forwarded to the Warden's office.

☐ Polygraph examinations are not administered at offender's request.

☐ The correspondence received contains issues relevant to the _____ and will be forwarded there. Please send further correspondence related to this matter to the above referenced office/department.

☐ Other:

**\*\*NOTE: Prison related issues should be directed to the appropriate TDCJ department. Sending your concerns to the wrong department or agency delays valuable response time.**

☐ <u>Original Documents Returned to Offender.</u>

CC:

SDB/741

Exhibit D-2



**Texas Department of Criminal Justice**

| | |
|---|---|
| Number: | 01.01 |
| Date: | July 2014 |
| Page: | 1 of 2 |
| Supersedes: | January 2012 |

# SAFE PRISONS/PREA OPERATIONS MANUAL

| | |
|---|---|
| SUBJECT: | Safe Prisons/PREA Management Office |
| APPLICABILITY: | Safe Prisons/PREA Management Office staff |
| AUTHORITY: | Safe Prisons/PREA Plan |
| PURPOSE: | To establish responsibilities and procedures related to the operations of the Safe Prisons/PREA Management Office (SPPMO). |

PROCEDURES:

I.  Administrative Duties

    A.  The SPPMO shall:

        1.  Enter data related to reported offender-on-offender sexual abuse allegations provided by the Emergency Action Center in the Safe Prisons Sexual Assault Database.

        2.  Ensure receipt of the Safe Prisons/PREA Monthly Report E-form from each unit by the 5th business day of each month for the previous month's Safe Prisons activity and notify the unit warden when a report is delinquent.

        3.  Compile and provide a monthly report to the Correctional Institutions Division (CID) directors utilizing the information obtained from the Monthly Safe Prisons/PREA Report, the Emergency Action Center, and the Office of the Inspector General to analyze and evaluate trends in sexual abuse, sexual harassment, and extortion.

        4.  Identify trends related to time frames in which sexual abuse allegations are reported to have occurred, location of alleged incidents, demographics related to sexual abuse victim and assailants, and custody classes with higher rates of alleged sexual abuse reports.

        5.  Prepare technical reports concerning identified trends to assist agency administration in making decisions related to unit operations.

        6.  Enter Safe Prisons/PREA Adjustment Codes for electronic notification and tracking of sexual predators, potential sexual predators, sexual victims, extortionists, and extortion victims on the offenders UCR-07 Adjustment Screen.

        7.  Provide technical assistance and information to agency staff regarding offender Safe Prisons/PREA training.

emotional support, crisis intervention, information and referrals. This individual shall have completed a sexual assault training program certified by the Texas Attorney General's office and is employed by a sexual assault program or provides services through a sexual assault program as a volunteer under the supervision on an advocate.

"Volunteer" is an individual who donates time on a recurring basis to enhance the activities and programs of the TDCJ. See the *Volunteer Services Plan* for definitions of the various types of volunteers.

"Youthful Offender" is an offender that is under 18 years of age.

# EXHIBIT E-1, & 2.

STATE OF TEXAS BOARD OF PARDONS AND PAROLES
& PAROLE Review Information.

Exhibit E-1



# STATE OF TEXAS
## BOARD OF PARDONS AND PAROLES

September 03, 2020

Mr. Edwing Alvarez
TDCJ-CID/SID # 02133477
Stiles Unit
BLDG 3-B-2 ROW 2 CELL: 40
3060 FM 3514
Beaumont, Texas 77705

Dear Mr. Alvarez:

This is to acknowledge receipt of your correspondence dated May 28, 2020.

The information you provided will be placed in your permanent file to be available for consideration by the Parole Panel at the appropriate time.

Respectfully,

Estela DeHoyos
Program Supervisor III
Central Board Office, Communications Unit

# Parole Review Information

Exhibit E-2
~~Name:~~

ALVAREZ,EDWING AHMED

**SID Number:**
07841882

**TDCJ Number:** ,
02133477

# Parole Review Status

**Not in Parole Review**

The offender is currently not in the review process.

# Last Parole Decision

**Denied on 12/09/2020**

NEXT REVIEW (12/2021)- Deny favorable parole action and set for next review.

Denial reason(s): 1D, 4D

**1D CRIMINAL HISTORY** - THE RECORD INDICATES THAT THE OFFENDER HAS REPEATEDLY COMMITTED CRIMINAL EPISODES THAT INDICATE A PREDISPOSITION TO COMMIT CRIMINAL ACTS UPON RELEASE.

**4D INSTITUTIONAL ADJUSTMENT** - THE RECORD INDICATES THAT THE OFFENDER HAS AN UNSATISFACTORY INSTITUTIONAL ADJUSTMENT.

# Next Parole Review Date

**12/2021**

Return to Offender Details

Dear Mr./Ms. U.S. District Court/Clerk

Please bring the issues presented herein before the Court's attention, they pertain to show an excuseable neglect or good cause for the delay and failure to comply with this court's previous Court Order which were caused by circumstances beyond my control.

I've been reasonably diligent and energetic in attempting to comply what this Court had requested/Order from me. "OR" I've taken all the necessary and reasonable steps to ensure compliance with this Court's preceeding Orders only to be in futile. Here are the reasons for the delay;

On 9/24/20 I wrote the Inmate Trust Fund Via I-60 inquiring after a long delay whether the $5.00 withdrawal had been processed and sent to the Court for the Court's fee? In response the ITF informed me that the withdrawal processing procedures takes up from several weeks to 8 weeks for funds to be removed. Please see attached herein as Exhibit A-1.

On 1/05/21 I made a first withdrawal for copies of Inmate Records, grievances. Please see attached here in as Exhibit A-2.

On 3/30/21, I wrote the Law Librarian requesting information on the date I had requested copies of grievances/Inmate Records and a money withdrawal for such copies of needed grievances/Inmate Records. In their respond they stated that an I-60 to the U.S. District Court was submitted on 9/15/2020? At that time no withdrawal has been extracted from my Inmate Trust Fund. See Exhibit A-3.

On 4/16/21 I made a second withdrawal for copies of Records that responded I-60 of 3/30/21. See attached lay-In, Exhibit A-3.

①

② 

Again On 5/10/21 an attempt was made for another withdrawal for copies of grievances/Inmate Records but was void for lack of insufficient funds. - Please see attachment withdrawal form and IOC informing me of same insufficient funds. Exhibit A - ⑧
    I have taken all the necessary and reasonable steps within my ability to ensure compliance with the Court's Orders but the present issues above mentioned had greatly put a limit on my ability to follow suit. The length of delaying time for withdrawals to be processed or acquiring the Court's Ordered documentation such as copies of grievances/Inmate Records which are relevant and essential documentation had proven to be in futile, and beyond my control. Not mentioning of my struggle to secure a proper timely compliance with the Court's Orders. Also, due to my complicated efforts by the fact that my unit has been constanly on (medical) lock-downs due to the COVID-19 sending my reasons for the delay and my attempts to comply with this Court Orders.
    I pray that this Court would consider my excusable neglect and show cause as a justifiable reasons for not dismissing my petition and allow me to continue to proceed in "Forma Paupers". I sincerely Thank you for your time and consideration given to the facts above mentioned.
                                          Most Sincerely

                            Edwing Ahmed Alvarez, TDCJ #02133477
                            Mark W. Stiles Unit
                            3060 FM 3514
                            Beaumont, Tx. 77705

EDWING AHMED ALVAREZ #02133477
3060 FM 3514
Beaumont, Tx. 77705





U.S. POSTAGE PAID
FCM LG ENV
BEAUMONT, TX
77707
MAY 26, 21
AMOUNT
**$0.00**
R2304E106451-14

1000    77701

UNITED STATES DISTRICT COURT
300 WILLOW STREET, SUITE 104
BEAUMONT, TEXAS 77701-2217

Legal Mar.l









