IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| EDWING AHMED ALVAREZ | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO.  1:21-CV-258 |
| ANTHONY D. ROSS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Edwing Ahmed Alvarez, a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Anthony D. Ross and Jessica Elder.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges he was accused of possessing contraband, and he was searched in an effort to locate the contraband.  Plaintiff claims Defendant Ross ordered a correctional officer to strip search Plaintiff, and he ordered Defendant Elder, a female correctional officer, to be present during the strip search.  Plaintiff alleges he was charged with possessing contraband, but there was no proof that the substance involved was actually a narcotic.  On February 4, 2020, Plaintiff was found guilty of the disciplinary infraction and sanctioned with various restrictions.

<u>Motion to Dismiss</u>

Defendants contend they are entitled to qualified immunity, and that Plaintiff failed to state a plausible claim that the strip search violated Plaintiff's Fourth Amendment rights.[1]

<u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

<u>Analysis</u>

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights,

---

[1]    Defendants motion addressed additional claims that were previously dismissed. The only claim remaining in this action concerns Plaintiff's allegation that he was strip searched in violation of the Fourth Amendment.

privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

*Qualified Immunity*

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Federal courts use a two-part test to determine whether the defendants are entitled to qualified immunity. *Freeman v. Texas Dep't of Criminal Justice*, 369 F.3d 854, 863 (5th Cir. 2004). First, the court must determine whether plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736; *Freeman*, 369 F.3d at 863. Then, if a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation. *Freeman*, 369 F.3d at 863. Clearly established rights should not be defined broadly. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Hope*, 536 U.S. at 739 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

The district court has discretion to decide which prong of the two-part test to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). In this instance, the court will first consider whether Plaintiff has alleged facts demonstrating that his constitutional rights were violated.

*Unconstitutional Search*

Plaintiff contends Defendants violated his right under the Fourth Amendment to be free from unreasonable searches when he was strip searched in the presence of a female employee. "A prisoner's rights are diminished by the needs and exigencies of the institution in which he is incarcerated." *Elliott v. Lynn*, 38 F.3d 188, 190 (5th Cir. 1994). The Fourth Amendment requires that searches of prisoners must be reasonable under the facts and circumstances in which the searches are performed.[2] *Id*. A prison administrator's decisions and actions are entitled to great deference from the courts. The Supreme Court has articulated the test of reasonableness as follows:

> The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. The Court must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

*Bell v. Wolfish*, 441 U.S. 520, 559 (1979); *see also Moore v. Carwell*, 168 F.3d 234, 237 (5th Cir. 1999). The Fifth Circuit has interpreted this statement of reasonableness as striking a balance "in favor of deference to prison authorities' views of institutional safety requirements against the admittedly legitimate claims of inmates not to be searched in a humiliating and degrading manner." *Watt v. City of Richardson Police Department*, 849 F.2d 195, 196 (5th Cir. 1988).

In this case, the strip search in question was less intrusive than searches previously upheld as constitutional. There was a valid penological interest in searching Plaintiff because, according

---

[2]    In *Hudson v. Palmer*, 468 U.S. 517 (1984), the Supreme Court stated, "A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Id.* at 527. The United States Court of Appeals for the Fifth Circuit has stated that *Hudson* merely held that prisoners have no justified expectation of privacy in their prison cells. *Elliot v. Lynn*, 38 F.3d 188 (5th Cir. 1994). The Fourth Amendment continues to apply to searches of prisoners outside their cells, but prisoners retain, at best, a very minimal Fourth Amendment interest in privacy. *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

to his own pleadings, he was suspected of being in possession of a contraband.  Plaintiff's only allegations concerning the reasonableness of the search concern the presence of Defendant Elder, a female employee, during the search.

The Fifth Circuit has repeatedly held that strip searches of male inmates, conducted in open areas of the prison, in the presence of female employees are not unconstitutional.  *Oliver v. Scott*, 276 F.3d 736, 747 (5th Cir. 2002); *Elliott*, 38 F.3d at 190-92 (5th Cir. 1994); *Lechter v. Turner*, 968 F.2d 508 (5th Cir. 1992); *see also Tasby v. Lynaugh*, 123 F. App'x 614, 615 (5th Cir. 2005) (reiterating that strip searches conducted in non-secluded areas of the prison, in the presence of employees of the opposite sex, do not violate the constitution).  Further, cross-sex surveillance of inmates is permissible, even in showers and bathroom facilities.  *Oliver*, 276 F.3d at 747.  The Fifth Circuit has concluded that "no constitutional violation occurs when naked male inmates are viewed by female guards if the presence of the female guards is required to protect a legitimate government interest such as maintaining security at a correctional facility." *Lechter*, 968 F.2d at 510. The presence of female prison guards protects legitimate interests in maintaining security and  in gender-neutral employment practices.  *See Mitchell v. Quarterman*, 515 F. App.x 244, 247 (5th Cir. 2012).

The presence of Defendant Elder during the strip search of Plaintiff did not make the search unreasonable.  Because the search was reasonable, Plaintiff has failed to state a claim upon which relief may be granted, and Defendants are entitled to qualified immunity.

<u>Recommendation</u>

Defendants' motion to dismiss should be granted, and the action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 14th day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge